UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASON A. HORTON,

        Petitioner,                          Case Number: 08-12798
                                                        Honorable Paul D. Borman
v.

LLOYD RAPELJE,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION
## TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

### I.

Before the Court is Petitioner Rason A. Horton's motion, requesting that the Court stay the proceedings until he has had an opportunity to comply with the exhaustion requirements of 28 U.S.C. § 2254. Petitioner, acting in *pro per*, filed his petition for a writ of habeas corpus with this Court on July 1, 2008. He is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, pursuant to convictions for first-degree premeditated murder, MICH. COMP. LAWS 750.316(a). In his motion, Petitioner contends that he has failed to exhaust his state-court remedies regarding ineffective assistance of counsel and the admission of his statement to the police. The Court will grant Petitioner's motion and will stay the proceedings so that Petitioner may return to state court to exhaust his claims.

### II.

Following a jury trial in Washtenaw County, Michigan, Circuit Court, Petitioner was convicted of the above-stated crime and was sentenced by the trial court to life imprisonment without parole for the murder conviction.

Petitioner filed the pending petition for writ of habeas corpus on the following grounds:

> I. Petitioner was denied constitutional rights protected by the Fifth and Sixth Amendments when the trial court, over objection, admitted into evidence custodial admissions Petitioner made to police taken in violation of his right to remain silent and his right to counsel.
>
> II. Petitioner was denied constitutional rights protected by the Fifth Amendment when the trial court, over objection, admitted into evidence involuntary custodial admissions Petitioner made to police.
>
> III. Petitioner was denied his right to a fair trial guaranteed by the due process clause of the United States Constitution when the trial court erroneously allowed introduction of objected to 404(b) evidence of subsequent bad acts of Petitioner.
>
> IV. Despite Petitioner's decision not to move for a mistrial, manifest necessity requested the trial court to *sua sponte* order a mistrial.

In his motion, Petitioner requests a stay so that he can return to state court to exhaust the following claims:

> V. Trial counsel was ineffective for not seeking a mistrial when the jury reviewed exhibits that were not admitted into evidence.
>
> VI. Trial counsel was ineffective for not objecting to the trial court's faulty reasonable doubt instruction which denied Petitioner his right to a properly instructed jury.
>
> VII. Petitioner was denied a fair trial and his Fifth Amendment rights when the admission into evidence of his statement violated

>the corpus delicti rule thereby requiring that he be granted a
>new trial.

### III.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' h[is] claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief

from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, Petitioner would need to make a similar showing here, if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to hold further proceedings on a habeas corpus petition in abeyance pending exhaustion, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state-court remedies).

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id.* at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in

-4-

state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has shown the need for a stay. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide whether those claims have merit. It appears that Petitioner's claims have not been exhausted in the state courts.

Furthermore, the claims that Petitioner seeks to exhaust in the state courts do not appear to be "plainly meritless." Petitioner will most likely assert that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel. Lastly, there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

Thus, the Court shall hold the petition in abeyance until Petitioner has exhausted available state-court remedies. *See Palmer*, 276 F.3d at 781. To ensure that Petitioner does not delay in exhausting his state-court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *Id*. Petitioner must present his claims in state court within sixty (60) days from the date of this Order. *Id.* Further, he must ask this Court to lift the stay within sixty (60)days of exhausting his state-court remedies. *Id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

**IV.**

Accordingly,

**IT IS ORDERED** that further proceedings in this case are held in abeyance pending exhaustion of state-court remedies. The case shall be held in abeyance provided that (1) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this order, and (2) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state-court remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

    s/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated: July 28, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 28, 2008.

    s/Denise Goodine
    Case Manager